Cincinnati Ins. Co. v. Energy Wise Homes, No. 339-9-12 Bncv (Wesley, J. Apr. 10, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Bennington Unit                                           Docket No. 339-9-12 Bncv

---

Cincinnati Insurance Company vs. Energy Wise Homes

---

## ENTRY REGARDING MOTION

Count 1, Declaratory Judgment (339-9-12 Bncv)
Count 2, Declaratory Judgment (339-9-12 Bncv)
                            Count 3, Declaratory Judgment (339-9-12 Bncv)
Count 4, Declaratory Judgment (339-9-12 Bncv)

Title:          Motion  to Reconsider and Opposing Judgment for Defendants (Motion 6)
Filer:          Cincinnati Insurance Company
Attorney:       Shapleigh Smith
Filed Date:     February 21, 2014

Response filed on 03/28/2014 by Attorney Thomas P. Aicher for Defendant Michael D. Uhler

**The motion is DENIED.**

### Opinion and Order
### Granting Cincinnati's Motion to Enlarge Time, Denying Cincinnati's Motion to Reconsider, and Granting Judgment to Defendants

Cincinnati Specialty Underwriters Insurance Company sues Energy Wise Homes, Inc. for a declaratory judgment. Cincinnati issued a commercial general liability policy to Energy Wise. The policy contained a total pollution exclusion. In a related case, Shirley and Michael Uhler sue Energy Wise for damages from Shirley Uhler's respiratory illness allegedly caused by Energy Wise's spraying of foam insulation. *See Uhler v. Energy Wise Homes, Inc.*, Doc. No. 295-4-12 Rdcv. In this suit, Cincinnati seeks a declaration that it is not obligated to cover Energy Wise for the Uhlers' suit.

On September 23, 2013, Cincinnati moved for summary judgment. Cincinnati argued the total pollution exclusion excluded coverage for Uhlers' suit. On November 22, 2013, the Uhlers opposed the motion for summary judgment. On December 20, 2013, Cincinnati responded to the opposition. Neither Energy Wise nor the Uhlers moved for summary judgment against Cincinnati.

On January 23, 2014, the Court denied summary judgment to Cincinnati. The Court determined the policy language was ambiguous and determined Energy Wise was entitled to coverage. The Court also gave notice, under V.R.C.P. 56(f), that it intended to issue judgment in

favor of Defendants. The Court gave Cincinnati ten days to respond. [1] On February 21, 2014, Cincinnati filed a motion to reconsider. Cincinnati also opposed granting summary judgment to Defendants. Cincinnati argued the policy was not ambiguous and excluded coverage for Energy Wise's claims. On March 28, 2014, the Uhlers responded to Cincinnati's motion.

Parties may seek reconsideration of an order. *See In re SP Land Co., LLC*, 2011 VT 104, ¶ 16, 190 Vt. 418; *Brislin v. Wilton*, No. 2009-236, 2010 WL 712556, *3 (Vt. Feb. 2010). The Court may reconsider its rulings where a party shows a manifest error of fact or law. *See Brislin*, 2010 WL 712556, *3. However, motions to reconsider should not be used to allow a party a second chance to reassert or reframe arguments already made and rejected. *See id.*

In this case, Cincinnati reargues many of points the Court considered in its January 23, 2014 order. The Court already considered whether the policy language was ambiguous. After a detailed analysis, the Court determined the policy was ambiguous. *See MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1209–10, 1214–18 (Cal. 2003). None of the points raised in Cincinnati's motion to reconsider undermine the Court's original determination and Cincinnati is unable to point to a manifest error of fact or law. *See Brislin*, 2010 WL 712556, *3. Therefore, the Court denies Cincinnati's motion to reconsider.

Next, the Court considers whether to grant summary judgment in favor of Defendants. As indicated earlier, the Court noted in its January 23 order that the Court intended to grant summary judgment in favor of Defendants. The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

In this case, Defendants are entitled to summary judgment. There are no material disputed facts and the case raises a question of law. As discussed in the January 23 order, the Court finds the policy language about the total pollution exclusion is ambiguous. *See MacKinnon*, 73 P.3d at 1209–10, 1214–18. Further, the Court must interpret ambiguous policies in favor of the insured. *See Vt. Mut. Ins. Co. v. Parsons Hill P'ship*, 2010 VT 44, ¶ 21, 188 Vt. 80. Energy Wise is entitled to coverage because the policy language is ambiguous.

**WHEREFORE,** it is hereby **ORDERED** :

The Court **GRANTS** Cincinnati's motion to enlarge time. The Court **DENIES** Cincinnati's motion to reconsider. The Court **GRANTS** summary judgment in favor of Defendants, and issues a declaratory judgment that Energy Wise is entitled to coverage on the policy issued by Cincinnati, including the obligation on the part of Cincinnati to provide a defense to Energy Wise in *Uhler v. Energy Wise Homes, Inc.*, Doc. No. 295-4-12 Rdcv.

---

[1] On February 6, 2014, Cincinnati filed a motion to enlarge time. Cincinnati requested additional time because it needed to prepare for mediation in this case. The mediation occurred on February 4, 2014 and was unsuccessful. The Court did not review the motion to enlarge time before receiving Cincinnati's substantive response. The Court now grants Cincinnati's motion to enlarge time.

So ordered.

Electronically signed on April 09, 2014 at 04:38 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Shapleigh Smith (ERN 3224), Attorney for Plaintiff Cincinnati Insurance Company
Jennifer Deck Samuelson (ERN 5914), Attorney for Defendant Energy Wise Homes
Thomas P. Aicher (ERN 3254), Attorney for Defendant Shirley Uhler
Thomas P. Aicher (ERN 3254), Attorney for Defendant Michael D. Uhler
Neutral Mediator/Arbitrator/Evaluator Michael Marks